IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DELBERT L. DUNMIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-1059-CV-W-ODS |
| ) | |
| MORGAN STANLEY DW, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DIRECTING PARTIES
TO ADDRESS BASIS FOR COURT'S JURISDICTION

Pending is Defendant's Motion to Dismiss, which contends Counts I, II and III[1] fail to state a claim upon which relief can be granted. For the following reasons, the motion (Doc. # 14) is denied.

I. BACKGROUND[2]

The facts, which are gleaned by construing the Complaint's allegations in Plaintiff's favor, indicate Plaintiff opened an account with Defendant's predecessor in the 1970s. Plaintiff has always been the sole owner of the account. Complaint, ¶ 3.[3] In April 2004,

---

[1] The motion does not address Count IV.

[2] The parties have presented several accusations and disparaging comments, most of which are not even embraced by the pleadings. The parties should know the Court is constrained to consider the facts contained in or fairly embraced by the Complaint. The parties should also know the undersigned has little tolerance for arguments predicated on innuendo or *ad hominem* attacks.

[3] At the time this Order was being prepared, Plaintiff's Motion to File First Amended Complaint was pending but had not been ruled because the time for briefing the motion had not ended. The Proposed Amended Complaint is largely identical to the original Complaint, but for the purpose of clarity references will be made to the pleading that was actually operative at the time.

disputes between the parties regarding Plaintiff's balance and potential obligations to Defendant arose, and proceedings were commenced before the Commodity Futures Trading Commission ("CFTC") where both parties asserted various claims against the other. Complaint, ¶ 4. During the course of those proceedings Defendant prepared a two-page demand letter that included information about Plaintiff's account activity and balances. Defendant encountered difficulties delivering the demand letter to plaintiff, Complaint, ¶ 7, so it sent a copy of the letter to an attorney who represented Plaintiff in some unrelated matters. A cover letter asked the attorney, M. Wayne Davidson, to forward the demand letter to Plaintiff. Instead, Davidson returned it to Defendant and indicated he did not represent Plaintiff in this matter. Complaint, ¶¶ 8-9.

Meanwhile, Plaintiff and his wife (Deborah Dunmire) were separated and undergoing an acrimonious divorce. Defendant was aware of these facts, as well as the fact that Deborah was living in a place Plaintiff had never lived. Complaint, ¶ 10. Nonetheless, Defendant arranged for hand-delivery of the demand letter to Deborah, who turned it over to her divorce attorney. Complaint, ¶¶ 11-13. Plaintiff also alleges there have been continuing conversations between Defendant and Deborah's attorney about Plaintiff's account, which have allowed Deborah to "interfere" with both the divorce proceedings and the dispute pending before the CFTC. Complaint, ¶ 15.

As noted earlier, Plaintiff has asserted four claims against Defendant. Count I asserts a claim for negligence per se, Count II asserts a claim for breach of contract, Count III asserts a claim for fraudulent or negligent misrepresentation, and Count IV asserts a claim for breach of fiduciary duty. Only the first three counts are targeted by Defendant's motion.

## II. DISCUSSION

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355

2

Case 4:04-cv-01059-ODS   Document 33   Filed 04/07/05   Page 2 of 7

U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

### A. Count I – Negligence Per Se

"In the analysis of negligence per se, the precursor is a violation of a statute. A claimant may proceed on a negligence per se claim if the following four elements are met: (1) There was, in fact, a violation of the statute; (2) The injured plaintiff was a member of the class of persons intended to be protected by the statute; (3) The injury complained of was of the kind the statute was designed to prevent; and (4) The violation of the statute was the proximate cause of the injury." Sill v. Burlington N. R.R., 87 S.W.3d 386, 392 (Mo. Ct. App. 2002) (quotations and citations omitted). Plaintiff predicates Count I on an alleged violation of 15 U.S.C. § 6801 and regulations promulgated thereunder.[4] Those regulations provide standards and guidelines for the dissemination of private financial information by financial and other institutions.

In summary, the regulations required Defendant to provide Plaintiff with notice of its privacy policies and procedures and specify what types of information is supplied to third parties, and the third parties to whom the information is supplied. Plaintiff had, but did not pursue, an opportunity to "opt out" by indicating he did not want any of information to be supplied to third parties except to the extent disclosure is required by law.

Defendant does not allege its written privacy policy specifically allowed it to present the information contained in the demand letter to Deborah. Instead, Defendant argues the disclosure was otherwise permitted under regulations permitting disclosure of private information when necessary. The Court is not persuaded; the regulations in question permit disclosure as necessary to effect a transaction, resolve a dispute, or prevent fraud. Disclosure is also permitted to people who hold a legal or beneficial

---

[4]Defendant's observation that the statute is "just an enabling act" is correct but irrelevant. The regulations promulgated under the act are just as capable of forming the basis for Plaintiff's claim, and derive their force of law from the statute.

3

interest in the account. The Court cannot rule, as a matter of law, that delivery of the financial information to Deborah was required for any of these purposes, particularly given the allegations that Defendant knew (1) Plaintiff never resided at Deborah's address, (2) Plaintiff and Deborah were entangled in a difficult divorce and (3) Deborah was not a co-owner of the account.[5] The Court agrees with Plaintiff that Defendant's interpretation virtually eliminates the protections intended by the law by allowing Defendant to publish to anyone in any manner so long as it can claim its actions bear some connection to account administration. The Court might be willing to allow Defendant an opportunity to present its arguments to a jury, but after accepting the truth of the Complaint's allegations the Court cannot conclude there is no set of facts upon which Plaintiff can prevail.

Defendant also contends Plaintiff was not sufficiently injured to maintain his claim. The Court harbors some concerns about Plaintiff's injuries (which will be discussed later in Part II(D) of this Order), but the Court cannot conclude Plaintiff suffered *no* damage. Accordingly, dismissal for failure to state a claim is not warranted.

### B. Count II – Breach of Contract

Plaintiff's breach of contract claim is predicated on the promises Defendant made in its privacy policy. Defendant's arguments mirror those presented with respect to Plaintiff's claim for negligence per se, and are rejected for the reasons expressed earlier.

---

[5] Defendant also argues the disclosure was permitted by Missouri law, which allows a creditor to take reasonable steps to collect a debt. Assuming Missouri law is not somehow altered by the requirements of federal law, the Court still cannot conclude as a matter of law that Defendant's steps were reasonable under the circumstances.

## C. Count III – Fraudulent & Negligent Misrepresentation

A claim for fraud requires proof of "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his representation be acted upon; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth of the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's subsequent and proximate injury." Bank of Kirksville v. Small, 742 S.W.2d 127, 131 (Mo. 1987) (en banc). "The elements of negligent misrepresentation differ from those of fraudulent misrepresentation in one major respect: while the latter requires proof that the defendant knew the statement was untrue or was reckless as to whether the statements were true or false, the former merely requires proof that the defendant failed to exercise reasonable care or competence to obtain or communicate true information." Springdale Gardens, Inc. v. Countryland Dev., Inc., 638 S.W.2d 813, 816 (Mo. Ct. App. 1982). Beyond this difference, the elements for the two claims are virtually the same. E.g., Miller v. Big River Concrete LLC, 14 S.W.3d 129, 133 (Mo. Ct. App. 2000).

Defendant argues any promises contained in its privacy policy related to its future actions, so they could not form the basis of a misrepresentation claim. However, if Defendant lacked the intent to fulfill the promises contained in its privacy policy when it promulgated that policy – thereby rendering the promises false at the very moment they were made – a fraud claim may be maintained. E.g., Sofka v. Thal, 662 S.W.2d 502, 504-07 (Mo. 1983) (en banc). Plaintiff alleges the promises made in the privacy policy "were untrue, and are believed to have been untrue at the time made." Complaint, ¶ 31.

The Court harbors a healthy skepticism about Plaintiff's ability to prove Defendant had the then-present intent to violate its privacy policy at the same moment it was pronounced. Nonetheless, the Court's skepticism about Plaintiff's ability to prove his allegations can play no part in considering Defendant's motion. The Court must accept the allegations as true, and if the allegation is true Plaintiff has stated a claim for fraud.

5

Defendant also reiterates the arguments it advanced with regard to Count I. For the reasons expressed earlier, the arguments are rejected.

### D. Jurisdictional Concerns

The Court has an independent obligation to evaluate its own jurisdiction, and in this case the Court has serious reservations. Plaintiff has not asserted any federal claims, so if jurisdiction is to exist it must be due to the parties' diversity of citizenship and the involvement of more than $75,000 in controversy. The Court has no doubt the parties are of diverse citizenships; the Court's concern involves the amount in controversy.

The Complaint alleges the disclosure allowed Deborah to "interfere" with the divorce proceedings, but does not explain how. If it divulged assets which should have been disclosed during those proceedings then Plaintiff really has no complaint. If, as he contends, a valid prenuptial or antenuptial agreement existed, it may be that the disclosure created the need for extra litigation in the divorce proceedings – but the Court is not sure Plaintiff was entitled to keep his assets a secret, thereby depriving the divorce court from determining any agreement's applicability to the account in question.

The Complaint also alleges the disclosure allowed Deobrah to "interfere" with the proceedings before the CFTC, but offers no explanation. Plaintiff also alleges an "emotional toll" on himself and his children. Plaintiff's children are not a party to this suit, so he cannot recover for any damages they may have. The nature and origin of the "emotional toll" is somewhat unclear; it does not appear the mere disclosure of the information has caused Plaintiff embarrassment because he attached the demand letter to his Complaint.

The Court cannot simply accept Plaintiff's representation that more than $75,000 is at stake. Missouri ex rel. Pemiscot County v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). Plaintiff is the party invoking federal jurisdiction, so it is his burden to demonstrate by a preponderance of the evidence that his claims could satisfy this

6

threshold.  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).  If it is legally certain that less than the jurisdictional amount is at stake, the case must be dismissed.

The Court may accept evidence when determining whether jurisdiction exists. Accordingly, the parties should focus their discovery efforts on this issue so the matter can be properly presented for the Court's consideration.[6]  On or before May 20, 2005, Plaintiff shall file a brief (including deposition excerpts or other factual materials) supporting his assertion that more than $75,000 is in controversy.  Defendant shall have until and including June 20, 2005, to respond and Plaintiff shall have until and including July 6, 2005, to file a reply.

IT IS SO ORDERED.

DATE: April 7, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[6]The Court acknowledges Plaintiff's request for punitive damages, but the request must be carefully scrutinized to insure Congress' limits on diversity jurisdiction are properly observed.  Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994).  Keeping in mind the Due Process limits on punitive damages, Plaintiff may have some difficulty If actual damages are minimal and he is thereby forced to rely more on punitive damages to satisfy the jurisdictional requirement.

7